The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RODRIGO ALVAREZ-QUINONEZ,<br><br>Defendant. | NO. CR20-093 RSM<br><br>ORDER DENYING DEFENDANT'S MOTION TO SEVER |

This matter comes before the Court on Defendant Rodrigo Alvarez-Quinonez's ("Alvarez") Motion to Sever (Dkt. 193). Although captioned as a motion to sever, Alvarez-Quinonez's motion appears to be an effort to have the Court reconsider its previous order continuing the trial date in this multi-defendant case (Dkt. 179). The Court declines to do so and hereby DENIES the motion to sever (Dkt. 193).

## I.  BACKGROUND

The Court adopts the procedural background set forth in its Order Denying Defendant Alvarez-Quinonez's Motion to Dismiss, which will not be repeated here.

//
//

*U.S. v. Alvarez-Quinonez*; CR20-093 RSM
Order Denying Motion to Sever - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. DISCUSSION

The Supreme Court has long held that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, (1993). The Ninth Circuit has repeatedly emphasized the importance of this preference, holding that the rule governing joinder "embodies a substantial public interest in joint trials of criminal defendants charged with the same offense" and that "[j]oint trials are the rule rather than the exception." *United States v. Brashier*, 548 F.2d 1315, 1324 (9th Cir. 1976), *see also United States v. Rogers*, 722 F.2d 557, 561 (9th Cir. 1983) ("joint trials are the rule rather than the exception"). This strong proclivity for joint trials is based in part on the recognition that trying co-defendants together conserves judicial resources, diminishes inconvenience and harm to witnesses and victims, and avoids delays in bringing those charged with crimes to trial. *See United States v. Lane*, 474 U.S. 438, 449 (1986). Joints trials also "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537.

Accordingly, criminal defendants must satisfy an "exacting" standard before a court will order severance. *See United States v. Jawara*, 474 F.3d 565, 579 (9th Cir. 2006). A defendant seeking severance bears the burden to demonstrate joinder will cause her "clear, manifest or undue" prejudice of such magnitude that, without severance, her right to a fair trial will be denied. *See United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994) (internal quotations and citations omitted); *United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986) (Under Rule 14, "[t]he defendant has the burden of proving that the joint trial was manifestly prejudicial," such that "defendant's right to a fair trial was abridged.").

Even if joinder threatened such undue prejudice, nothing in Rule 14 requires that severance be the remedy. Instead, "less dramatic measures, such as limiting instructions, often will suffice to cure any risk of prejudice" from joinder. *Zafiro*, 506 U.S. at 539 (holding that Rule 14 leaves the tailoring of appropriate relief to the sound discretion of the trial court). A trial court's determination that joinder is appropriate will be given

*U.S. v. Alvarez-Quinonez*; CR20-093 RSM
Order Denying Motion to Sever - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

deference absent a showing that "joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever." *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980).

Alvarez-Quinonez has not satisfied the stringent legal standard that must be met before his case could be severed from the remaining defendants. Instead, he simply asserts that his right to a speedy trial has been denied. But this issue has already been raised by Alvarez-Quinonez and addressed by this Court in its Order granting the motion to continue (Dkt. 179). Specifically, the Court found *inter alia* that the joint-investigation, ongoing conspiracy, and multi-defendant nature of the case all justified a continuance and outweighed Alvarez-Quinonez's right to a speedy trial.

To the extent Alvarez-Quinonez is arguing his due process rights have been violated, the Court finds that argument is without merit. See Order Denying Defendant Alvarez-Quinonez's Motion to Dismiss.

Finally, the Court further notes that Velasquez-Licona was appointed new counsel (Anna Tolin) on December 3, 2021, and that in response to Ms. Tolin's request for a continuance, the Court has set a new trial date of May 16, 2022. However, the Court concludes, under the calculus set forth above, that there is still no basis to sever Alavarez's case from that of Velasquez-Licona. This is particularly true given the significant factual overlap between the two defendants. In making this finding, the Court accepts the government's representations that Alvarez and Velasquez-Licona were jointly engaged in a conspiracy to distribute narcotics, as charged in the indictment, and that intercepted calls reveal Alvarez's involvement in directing Velasquez-Licona to distribute fentanyl.

//
//
//
//
//

U.S. v. Alvarez-Quinonez; CR20-093 RSM
Order Denying Motion to Sever - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III.  CONCLUSION

For the reasons set forth above, the Court DENIES Alvarez-Quinonez's Motion to Sever (Dkt. 193).

DATED this 11th day of January, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:
NICHOLAS W. BROWN
United States Attorney

/s Stephen Hobbs
STEPHEN HOBBS
BENJAMIN DIGGS
Assistant United States Attorneys

*U.S. v. Alvarez-Quinonez*; CR20-093 RSM
Order Denying Motion to Sever - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970