UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff<br><br>　　v.<br><br>RODRIGO ALVAREZ-QUINONEZ,<br><br>　　　　　　Defendant. | CASE NO. CR20-093RSM<br><br>ORDER DENYING MOTION TO SUPPRESS WIRETAP EVIDENCE |

　　　This matter comes before the Court on the Motions to Suppress filed by Defendant Rodrigo Alarez-Quinonez. Dkt. #244. Defendant moves to suppress all wiretap evidence, arguing the applications for wiretaps in this case contain conclusory and speculative statements and exaggerations that constitute misrepresentations. *Id*. at 3. Defendant excerpts a handful of quotes from the affidavits used to support the wiretap applications:

> In sealed Exhibit 1 hereto, the affidavit of Geoffrey Provenzale, at pages 52 and 53, references separate distribution cells necessitating information as to "both" sides close"" because of the possibility the single DTO may share a common Mexican based source. That possibility is both a conclusion and speculative. Moreover, the affiant speculation continues in ¶ 152 at page 53 that it is likely UM 3287 receive shipments from narcotics careers and then redistributes them to multiple distributors and, in the absence of any certain connection between UM 3287 and Galindo meriting the guys known phone number it "certainly could exist on another phone, and would make sense…" The affiant then sets forth beliefs that it is likely

ORDER – 1

> interception would provide "more insight into the Mexican based sources of supply and further reveal UM 3287's distribution activity in Western Washington, that there are large supplies and that the wiretap interception "will likely help us gain more insight into the DTO's money-laundering activity."
>
> Similarly, the affiant utilizes speculation and conjecture together with experience in other cases to justify a "belief of investigators that interception of wire and electronic communications on the target telephones is the only available technique that has a reasonable likelihood of accomplishing the objectives of the investigation and the need for the several wiretap applications authorized in this case.

*Id.* at 3–4. Defendant moves for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

In limited situations, Title III of the Omnibus Crime Control and Safe Streets Act (the "Act") permits law enforcement officers to use wiretaps. *United States v. Rodriguez*, 851 F.3d 931, 937 (9th Cir. 2017) (citing 18 U.S.C. §§ 2510-2522). Section 2518(1) of the Act requires law enforcement officials to apply for a court order to use wiretaps; Section 2518(1) sets forth the statutory requirements each application must satisfy. *Id*. Amongst other requirements, an application must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." § 2518(1)(c). A law enforcement official's sworn affidavit may satisfy this requirement. *Rodriguez*, 851 F.3d at 937. If an application meets Section 2518(1)'s requirements, one determination a judge must then make is whether, based on the facts submitted by an applicant, "normal investigative procedures have been tried and have reasonably failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." § 2518(3)(c). "Taken together, §§ 2518(1)(c) and (3)(c) require a showing of necessity before a district court can issue a wiretap order." *United States v. Carneiro*, 861 F.2d 1171, 1176 (9th Cir. 1988). Wiretap

ORDER – 2

evidence may be suppressed if a reviewing court determines this evidence was obtained in violation of the Act. *Rodriguez*, 851 F.3d at 937 (citing 18 U.S.C. § 2515).

When reviewing a defendant's challenge to a court's issuance of an order authorizing a wiretap, reviewing district courts must conduct a two-step review. *Id.*, at 937-38 ("[D]istrict courts should apply the Ninth Circuit's two-step approach when considering a motion to suppress wiretap evidence."). Under this two-step review the reviewing court must first review, de novo, whether the application for a wiretap contains a full and complete statement of facts as required by Section 2518(1)(c). *Id.* at 938 (citing *United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1111-12 (9th Cir. 2005)). If the reviewing court determines an application meets this requirement, it must then "review for 'abuse of discretion the issuing judge's conclusion that the wiretap was necessary.'" *Id.* (quoting *United States v. Rivera*, 527 F.3d 891, 898 (9th Cir. 2008)). "Only the evidence presented within the four corners of the wiretap application can be used to evaluate necessity." *Gonzalez, Inc.*, 412 F.3d at 1112.

A *Franks* hearing determines "the validity of the affidavit underlying a search warrant." *United States v. Kleinman*, 880 F.3d 1020, 1038 (citation omitted). To obtain a *Franks* hearing, a defendant must make a substantial preliminary showing that: (1) "the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant," and (2) "the false or misleading statement or omission was material, *i.e.*, necessary to finding probable cause." *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017) (citation, alteration, and internal quotation marks omitted). Once the defendant makes that showing, to prevail at the subsequent hearing, he must establish both prongs by a preponderance of the evidence. *See United States v. Martinez-Garcia*, 397 F.3d 1205, 1214-15 (9th Cir. 2005).

ORDER – 3

Here, the government submitted two affidavits totaling 279 pages—including nearly 160 pages on necessity and alternative investigative means alone—that detail the investigative steps taken to identify and convict members of the Velasquez-Licona and Sandoval-Agurcia drug trafficking conspiracies, and Judge Robart found that the wiretaps now being challenged were necessary to accomplish that goal.

Although Defendant requests a *Franks* hearing, he does not explicitly set forth a reasonable basis to find an intentional or reckless, false or misleading material statement or omission. The only basis to find that the statements above were speculative, as argued by Defendant, is to ignore the surrounding submitted evidence. Defendant has failed to satisfy the requirements to grant a *Franks* hearing.

The Court further finds that SA Provenzale's affidavits, submitted to support the Government's wiretap applications, satisfy Section 2518(1)(c), as they contains a "full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." Defendant's Motion barely addresses this point. The Court agrees with the Government that these affidavits fully describe, over dozens of pages, the investigators' use of traditional investigative techniques and the reasons why they would not achieve the investigation's goals, and that they included specific facts relevant to the particular circumstances of this case, not just boilerplate conclusions. Defendant's citations of speculation by the affiant are clearly outweighed by the other investigative efforts employed before seeking these wiretaps.

The Court next reviews the issuing judge's conclusion that the wiretap was necessary. Judge Robart reviewed affidavits that contained extensive discussion of the necessity of the wiretaps. As the Government argues, these affidavits discussed:

ORDER – 4

> …why the previous interception of TT18 had not accomplished the goals of the investigation, the fact that agents did not understand the extent of Velasquez-Licona's sources of supply in this District, the fact that Velasquez-Licona was communicating with an unknown source of supply in Mexico and might begin to obtain drugs from that source, that agents now understood that there were two "sides" to the DTO and that Velasquez-Licona and Montes-Sevilla appeared to operate two separate narcotics distribution cells, and ultimately the need to intercept the three phones in order to understand the scope of UM3287's narcotics distribution activity.

Dkt. #258 at 9. The affidavits provide much more to support the necessity element than the "training and experience" of law enforcement and speculation.

Having reviewed the briefing for this Motion, along with the remainder of the record, the Court hereby finds and ORDERS that the Motion to Suppress, Dkt. #244, is DENIED.

DATED this 14th day of February, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5