1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

UNITED STATES OF AMERICA,

10
Plaintiff

11
v.

12
RODRIGO ALVAREZ-QUINONEZ,

13
Defendant.

14

CASE NO. CR20-093RSM

ORDER DENYING MOTION TO
SUPPRESS PHYSICAL EVIDENCE

15      This matter comes before the Court on the Motion to Suppress Physical Evidence filed

16  by Defendant Rodrigo Alarez-Quinonez.  Dkt. #247.  Defendant moves to suppress all physical

17  evidence seized from a January 20, 2020, traffic stop.  *Id*. at 3.  In a nutshell, he argues that he

18  was in a car ostensibly pulled over for going 69 in a 60 zone and for crossing the fog line, but in

19  reality law enforcement had arranged to pull over the car based on knowledge gleaned from

20  electronic surveillance.  To attack the stop, he proffers that "Alvarez-Quinonez would testify at

21  an evidentiary hearing, if granted, disputing allegations the vehicle was speeding or had crossed

22  over the fog line prior to the stop."  Dkt. #247 at 2.

23

24      Defendant asks the Court to analyze law enforcement's traffic law justification for the

25  stop and argues that an officer may conduct a traffic stop if the officer has "probable cause to

26  believe that a traffic violation has occurred."  *Id.* (citing *Wren v. United States*, 517 U.S. 806,

27

ORDER – 1

810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)).  The Government argues the traffic law justification is essentially irrelevant because probable cause for the search was based on extensive electronic surveillance, and further that law enforcement is allowed to use a pullover for a traffic violation as a pretext for this kind of search and seizure.  Dkt. #256 at 11–12.  The Court agrees with the Government.

Under the automobile exception to the Fourth Amendment's warrant requirement, "[t]he police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained."  *California v. Acevedo*, 500 U.S. 565, 580 (1991).  An officer will have probable cause to search if "there is a fair probability that contraband or evidence of a crime will be found in a particular place, 'based on the totality of circumstances.'"  *Dawson v. City of Seattle*, 435 F.3d 1054, 1062 (9th Cir. 2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

The subjective intent of the officers should play no part in a Fourth Amendment analysis.  *See United States v. Robinson*, 414 U.S. 218, 220 (1973). In *Robinson*, a defendant challenged the search of his person after a traffic stop as "pretextual"; the Supreme Court held that a traffic violation arrest is not rendered invalid because it is "a pretext for a narcotics search."  *Id*. at 221.

The Court has reviewed the extensive surveillance evidence submitted by the Government and finds that there was probable cause to believe there was contraband or evidence in this vehicle.  The use of a traffic stop was valid, and ultimately the evidence to support the traffic law violation is irrelevant.

Defendant has presented no basis to question the probable cause based on electronic surveillance, nor argued with adequate citation to the facts or law that the pretext for the stop here was improper.  The Court agrees with the Government's analysis of the lack of a need for

ORDER – 2

an evidentiary hearing. *See* Dkt. #256 at 13.  Defendant has not submitted an affidavit supporting his version of the facts; he has not explained how he was in a position to know whether the vehicle was speeding as a non-driver; he has not attacked the probable cause of the electronic surveillance, except to cite to his now-denied Motion to suppress wire tap evidence, Dkt. #244. *See* Dkt. #274.

Having reviewed the briefing for this Motion, along with the remainder of the record, the Court hereby finds and ORDERS that the Motion to Suppress, Dkt. #247, is DENIED.

DATED this 14th day of February, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3