UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> RODRIGO ALVAREZ-QUINONEZ, <br><br> Defendant. | CASE NO. CR20-93RSM <br><br> ORDER DENYING MOTION TO REDUCE SENTENCE |

This matter comes before the Court on Defendant Rodrigo Alvarez-Quinonez's Motion for Sentence Reduction. Dkt. #442. Defendant moves for a two-point reduction pursuant to 18 U.S.C. 3582(c)(2) and Amendment 821, Part B, Subpart 1 (Zero Point Offender) to the Sentencing Guidelines. *Id.* at 1–2. The Court has reviewed responsive briefing from the Government, Dkt. #446. No reply brief was filed by the deadline set by the Court. *See* Dkt. #443.

In June 2022, after a three-day trial, a jury found Alvarez-Quinonez guilty of Conspiracy to Distribute Controlled Substances and Possession of Fentanyl with Intent to Distribute. Verdict Form, Dkt. #384. The jury specifically found that the quantity of drugs involved in each of these crimes was 400 grams or more of a mixture or substance containing fentanyl. Dkt. #384. These drug-quantity findings implicated a statutory mandatory minimum custodial sentence of 120 months as to each count. *See* 21 U.S.C. §§ 841(b)(1)(A) and 846.

ORDER DENYING MOTION TO REDUCE SENTENCE – 1

The Probation Office applied the 2021 Sentencing Guidelines Manual, and calculated Alvarez-Quinonez's base offense level as 32. *See* Presentence Investigation Report, Dkt. #399. Alvarez-Quinonez received no upward or downward adjustments. Alvarez-Quinonez scored three criminal history points because of two prior DUI convictions and a Reckless Driving conviction. *Id.* Probation also assessed two "status points" because an arrest warrant had been issued for Alvarez-Quinonez in connection with one of those offenses, which was pending at the time he committed the instant offense. *Id.* This increased his total criminal history score to five points, placing him in Category III (4, 5, or 6 points). At Total Offense Level 32 and Category III, Probation calculated Alvarez-Quinonez's sentencing range as 151 to 181 months. *Id.* Probation noted that Alvarez-Quinonez's statutory minimum term, which is unrelated to the Sentencing Guidelines range, for both counts was 10 years (120 months). *Id.*

At the sentencing hearing on September 16, 2022, this Court found Alvarez-Quinonez's Total Offense Level was 32 at Category II, resulting in an applicable sentencing range of 135 to 168 months. The Court then imposed a below-range custodial term equivalent to the mandatory minimum: 120 months as to each count, to run concurrently. *See* Dkt. #405 at 2. Alvarez-Quinonez unsuccessfully challenged his conviction on direct appeal. *See United States v. Alvarez-Quinonez*, 9th Cir. No. 22-30161, Dkt. #47-1 (December 4, 2023). He continues to serve the imposed sentence, with a BOP projected release date in February 2029.

Pursuant to 18 U.S.C. § 3582(c)(2), a district court has authority to reduce a defendant's sentence under certain limited circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section

ORDER DENYING MOTION TO REDUCE SENTENCE – 2

>   3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, including the amendment below, and has articulated the policy and proper procedure for implementing those amendments.

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added what now appears in Section 4A1.1(c), providing a two offense-level reduction for many offenders who present zero criminal history points. On August 24, 2023, the Commission decreed that this change applies retroactively.

However, a reduction "is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . a statutory mandatory minimum term of imprisonment[].'" USSG § 1B1.10 cmt. n.1(A); *see also United States v. Paulk*, 569 F.3d 1094 (9th Cir. 2009).

The Court agrees with the Government that Rodrigo Alvarez-Quinonez is not eligible for any reduction in sentence, because he was sentenced to the required statutory mandatory minimum term of 120 months under 18 U.S.C. § 841(b)(1)(A), and that statute has not changed. *See* Dkt. #446 at 6. Thus, his Motion fails at the first step.[1] Defendant offers no responsive argument to this point. There is nothing in the record to suggest any statutory exception to this mandatory minimum applies in this case. Accordingly, Amendment 821's retroactive Zero Point Offender amendment does not reduce Alvarez-Quinonez's sentencing range, and his Motion

---

[1] USSG § 1B1.10(a)(2) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (A) none of the amendments listed in subsection (d) is applicable to the defendant; or (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."

ORDER DENYING MOTION TO REDUCE SENTENCE – 3

must be denied. The Court need not consider the § 3553(a) factors. The Court also agrees with the Government's analysis of the requirements for a Zero-Point Offender adjustment and conclusion that "even if the statutory mandatory minimum was not a barrier to a reduction, Alvarez-Quinonez would be ineligible because the Status Points amendment does not apply to him." *See* Dkt. #446 at 6–7.

Having considered Defendant's Motion, the Government's Response, and the remainder of the record, the Court hereby finds and ORDERS that Defendant Alvarez-Quinonez's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Dkt. #442, is DENIED.

DATED this 22nd day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO REDUCE SENTENCE – 4